UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN KEYS and
BARBARA K. KEYS,

               Plaintiffs,

v.                                                  Case No. 13-4103-EFM

BARACK OBAMA, et al.,

               Defendants.

## ORDER

Plaintiffs, Shawn and Barbara Keys, bring this *pro se* action for emergency relief against President Barack Obama, Department of Defense Secretary Chuck Hagel, CIA Director John Brennan, and National Intelligence Director James Clapper. On September 5, 2013, plaintiffs commenced this action by filing a 77-page complaint with 184 pages of attached-exhibits (ECF doc. 1). In their complaint, plaintiffs allege that defendants "illegally detained, maimed, mutilated, tortured and obstructed" them via electronic frequencies and/or electronic weapon systems. Plaintiffs also filed a motion for a temporary restraining order (ECF doc. 4). In that motion, plaintiffs ask the court for emergency relief from the "chemical, biochemical and electrochemical responses intentionally inflicted upon them" by defendants. Defendants have moved to stay all discovery **(ECF doc. 10)** until the presiding U.S. District Judge, Eric F. Melgren, enters a ruling on their pending motion to dismiss (ECF doc. 6). Plaintiffs have not responded to the motion to stay and the time for doing so under D. Kan. R. 6.1(d) has run.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the rule 6.1(d) requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

Defendants have filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction.[1] Although it has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending, four exceptions to this policy are recognized.[2] A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[3] The decision whether to stay discovery rests in the sound discretion of the district court.[4] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the motion to dismiss. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until Judge Melgren resolves the pending

---

[1] *See* ECF doc. 6.

[2] *See Wolf v. United States*, 147 F.R.D. 494, 495 (D. Kan. 1994).

[3] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[4] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

dispositive motion. The motion to dismiss seeks dismissal on the ground that plaintiffs' claims against the federal defendants in their official capacities are barred by the doctrine of sovereign immunity.[5] Defendants also assert President Obama is entitled to presidential immunity.[6] Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[7] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[8] The Supreme Court has made clear that until the threshold question of immunity is resolved, discovery should not be allowed.[9]

In addition, the court finds that a ruling on the dispositive motion is likely to conclude this case, making discovery at this point wasteful and burdensome. In the complaint, plaintiffs allege defendants have hurt or killed their livestock, animals, and pets; used weapons against them; hit and "aerosoled" them by a jet; and used radio frequency and microwave fields to alter or control their central nervous system.[10] "Over

---

[5] ECF doc. 7 at 3-5,

[6] *Id.* at 5-6.

[7] *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

[8] *Id.* at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[9] *Siegert*, 500 U.S. at 233 ("The entitlement is an immunity from suit rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[10] ECF doc. 1 at 6, 9, 17-20.

the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."[11]  It is wholly unclear what plaintiffs are requesting or the legal basis for their requests.  Having reviewed plaintiffs' complaint, the court concludes that the factual contentions that are identifiable are baseless and incredible.

In consideration of the foregoing and upon good cause shown,

IT IS HEREBY ORDERED:

1. The motion to stay discovery (**ECF doc. 10**) is granted.

2. All pretrial proceedings in this case, including the Rule 26(f) meeting, Rule 26(a)(1) initial disclosures, the setting of a scheduling conference, and discovery, are stayed until a ruling on defendants' motion to dismiss.

3. Within seven days of a ruling on their motion to dismiss, defendants shall notify the undersigned of the ruling by sending an e-mail to the undersigned's chambers.

4. Plaintiffs are informed that within 14 days after they are served with a copy of this order, they may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file objections to this order by filing a motion for review of this order by the Presiding U.S.

---

[11] *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (citations and internal quotations omitted); *see also Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (courts may dismiss claims that are "essentially fictitious" – for example, where they suggest "bizarre conspiracy theories … [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted).

District Judge, Eric F. Melgren. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated December 2, 2013 at Kansas City, Kansas.


<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge