# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN A. KEYS,
BARBARA K. KEYS

    *Plaintiffs,*

vs.

BARACK OBAMA, Individually and as
Representative of the UNITED STATES OF
AMERICA, et al.,

    *Defendants.*

Case No. 13-4103-EFM-JPO

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Request for an Emergency Temporary Restraining Order (Doc. 4) and Defendants' Motion to Dismiss and Response to Request for an Emergency TRO (Doc. 6). Defendants ask the Court to dismiss the Complaint (Doc. 1) for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(2). For the reasons stated below, the Court grants Defendants' motion under Rule 12(b)(1), rendering the Plaintiffs' Request for an Emergency TRO moot.

### I.     Factual and Procedural Background

On September 5, 2013, Shawn and Barbara Keys ("Plaintiffs") filed an Emergency Complaint for a Temporary Restraining Order ("TRO") against Barack Obama, President of the United States; Chuck Hagel, Secretary of Defense; John Brennan, Director of the Central

Intelligence Agency; and James Clapper, Director of National Intelligence ("Defendants") both in their individual and official capacities. Plaintiffs assert that a "full military campaign"[1] is being carried out against them by the Department of Defense ("DOD"), "the Intelligence Communities,"[2] the Central Intelligence Agency, the Federal Bureau of Investigations, "the federal government collectively,"[3] and others. Plaintiffs claim that the DOD and the intelligence communities are using highly sophisticated weapons systems directed by satellite to control their central nervous systems and otherwise control and torture them. Plaintiffs argue that a TRO will allow them the ability to think clearly, speak freely, and articulate clearly. They claim that a TRO will allow them to finish the Complaint and restore their rights.

On September 11, 2013, Plaintiffs' filed a Request for an Emergency TRO or, in the alternative, "evidentiary film footage supporting not only the original complaint and request for TRO but also the current complaint/petition."[4]

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."[5] Under Rule 12(b)(1), a claim may be dismissed for "lack of jurisdiction over the subject matter."[6] "The United States, including its agencies and employees,

---

[1] Emergency Complaint for a TRO, Doc. 1, at 9.

[2] *Id.* at 5.

[3] *Id.* at 8.

[4] Plaintiffs Request for an Emergency TRO, Doc. 4, at 5.

[5] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).

[6] Fed. R. Civ. P. 12(b)(1).

is immune from suit unless and only to the extent it consents to be sued by waiving sovereign immunity."[7] A plaintiff who seeks to bring suit against the United States may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331 but must identify a specific statutory provision that waives the government's sovereign immunity.[8] The waiver must be unequivocally expressed and will be strictly construed in the government's favor.[9] The burden to show waiver is on the party bringing the cause of action.[10]

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[11] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[12] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[13] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[14] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not

---

[7] *Myers v. United States*, 2013 WL 5596813 at *6 (D. Kan. Oct. 11, 2013) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)).

[8] *Id.*

[9] *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

[10] *Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008).

[11] Fed. R. Civ. P. 12(b)(6).

[12] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[14] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

afford such a presumption to legal conclusions.[15] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[16] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[17]

### III. Analysis

Plaintiffs have filed an Emergency Complaint for a TRO and a Request for an Emergency TRO. Defendants responded by filing a Motion to Dismiss Plaintiff's Emergency Complaint for a TRO pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not file a response to Defendant's motions. The Court first addresses Defendant's Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff has brought this action against each of the defendants both individually and in their official capacities. However, Plaintiffs' allegations regarding each Defendant relate to nothing more than what can be categorized as each Defendant's general official responsibilities. Plaintiffs state that Barack Obama has "individual and executive responsibility for carrying out, enforcing and executing the laws."[18] Plaintiffs claim that as "Commander in Chief with respect to laws governing acts of the military and service branches of [the] Department of Defense . . . [he] is the only person able to order the moving of satellites, satellite systems,

---

[15] *Iqbal*, 556 U.S. at 678-79.

[16] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[17] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[18] Emergency Complaint for a TRO, Doc. 1, at 3.

satellite integrated weapons systems . . . ."[19]  Plaintiffs state that Chuck Hagel "is responsible for the carrying out, enforcing and executing laws of the United States respecting actions of military and service branches . . . ."[20]  According to the Complaint, Hagel is also "in charge of all aspects of the DOD's computer systems and weapon(s) system(s)."[21]  Plaintiffs state that John Brennan is "responsible for operations of the CIA . . . and also oversees paramilitary operations including the weapon(s) system(s) that are or may be being used on [Plaintiffs]."[22]  Plaintiffs state that James Clapper "serves as head of the intelligence community" and "is directly responsible for 17 different intelligence agencies . . . ."[23]

The Court finds that Plaintiffs' claims are based entirely on Defendants' official capacities as agents of the United States. Such claims are construed as claims against the United States.[24]  The United States is immune from suit unless it waives sovereign immunity.[25]  Plaintiffs have failed to demonstrate any valid waiver of sovereign immunity. Plaintiffs contend the Court has general jurisdiction under 28 U.S.C. § 1331, but "sovereign immunity is not waived by general jurisdiction statutes such as 28 U.S.C. § 1331."[26]  Sovereign immunity also

---

[19] *Id.*

[20] *Id.* at 4.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.").

[25] *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir. 1996).

[26] *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

bars Plaintiffs' suit for damages under *Bivens*.[27] This Circuit has recognized that "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."[28] Therefore, this Court lacks subject matter jurisdiction over Defendants' claims.

In sum, the Court finds that Plaintiffs have filed this action against the Defendants in their capacities as agents of the United States, and not as individuals. The United States has not waived its sovereign immunity and the Court lacks subject matter jurisdiction. Therefore, the Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is granted. Because the Court lacks jurisdiction, the Court does not reach Defendants' Rule 12(b)(6) claims. Furthermore, by granting Defendants' Rule 12(b)(1) motion, Plaintiffs' claims are denied in their entirety and the Plaintiffs' Request for an Emergency TRO is moot.

**IT IS ACCORDINGLY ORDERED** this 5th day of March, 2014, that Defendants' Motion to Dismiss Emergency Complaint for a TRO and Response to Request for an Emergency TRO (Doc. 6) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for an Emergency TRO (Doc. 4) is hereby **DENIED** as moot.

**IT IS SO ORDERED**.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[27] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[28] *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).