## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAWN A. KEYS and
BARBARA K. KEYS

        *Plaintiffs,*

vs.

BARACK OBAMA, Individually and as
Representative of the UNITED STATES OF
AMERICA, et al.,

        *Defendants.*

Case No. 13-4103-EFM-JPO

### MEMORANDUM AND ORDER

This Court dismissed a complaint filed against the President and three United States government officials for lack of subject matter jurisdiction. This matter comes before the Court on Plaintiffs' Motion for Reconsideration or Reinstatement (Doc. 19), Motion to Set Aside Dismissal (Doc. 23), and Motion for Suggestions and Support for Motion to Reinstate (Doc. 24). Because the Court finds that Plaintiffs Shawn and Barbara Keys have failed to show an adequate ground for relief under Federal Rule of Civil Procedure 60(b), the Court denies all three motions.

### I. Factual and Procedural Background

In September 2013, Shawn and Barbara Keys filed an emergency complaint for a temporary restraining order against Barack Obama, President of the United States; Chuck Hagel, Secretary of Defense; John Brennan, Director of the Central Intelligence Agency; and James

Clapper, Director of National Intelligence, in their individual and official capacities. In March 2014, this Court dismissed the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) on sovereign immunity grounds. In October 2014, the Keys filed a Motion for Reconsideration or Reinstatement (Doc. 19). In February 2015, the Keys filed two similar motions titled Motion to Set Aside Court's Dismissal Based on Fraud and Newly Discovered Evidence (Doc. 23) and Motion for Suggestions and Support for Motion to Reinstate (Doc. 24).

## II. Legal Standard

Local Rule 7.3(a) provides that a party seeking reconsideration of a dispositive order must file a motion under Federal Rules of Civil Procedure 59(e) or 60.[1] A motion filed more than 28 days after the entry of judgment is considered a Rule 60(b) motion.[2] Here, the Keys filed their motions more than seven months after entry of judgment. As such, the Court considers the motions as motions for relief from a judgment under Rule 60(b).[3]

Relief under Rule 60(b) is discretionary and only warranted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[1] D. Kan. Rule 7.3(a).

[2] *United States v. McDonald*, 2014 WL 1646921, at *2 (D. Kan. April 23, 2014).

[3] *See id.*

A motion under Rule 60(b) may not be used to revisit the same issues already addressed and dismissed by the court.[4] And the motion may not be used to advance new arguments or supporting facts that were unavailable when the original dispositive motion was briefed.[5]

### III. Analysis

In March 2014, this Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) because the United States had not waived its sovereign immunity.[6] This Court found that the claims were based entirely on Defendants' official capacities as agents of the United States. Such claims are construed as claims against the United States, and the United States is immune from suit unless it waives sovereign immunity. As a result, this Court lacked subject matter jurisdiction and dismissed the complaint.[7]

Here, the Keys have filed a 31-page motion for reconsideration or reinstatement. This motion does not address the issue of sovereign immunity or allege any other mistake of law made by the Court. The Keys characterize their case as being dismissed because they were out of the state. The rest of the motion then repeats many of the same allegations as the original complaint. Specifically, the motion alleges that the Department of Defense and others are using highly sophisticated weapons systems to control their central nervous systems and torture them.

Four months later, the Keys submitted additional filings. The first is a 12-page document titled Motion to Set Aside Court's Dismissal Based on Fraud and Newly Discovered Evidence, which asks the Court to set aside the dismissal because it was based on extrinsic and intrinsic

---

[4] *Id.*

[5] *Id.*

[6] *Keys v. Obama*, 2014 WL 856632, at *2 (D. Kan. March 5, 2014).

[7] *Id.*

fraud. The second is a 44-page document titled Motion for Suggestions and Support for Motion to Reinstate, which asks the Court to vacate the order of dismissal "as there was no way for the plaintiffs to foresee what was going to happen to them." This motion repeats many of the same allegations of abuse by the U.S. government. Neither document addresses the legal reason for the Court's dismissal—sovereign immunity—other than a liberal construction of one sentence in the Motion for Suggestions: "The four defendants as best as Mr. Keys can understand it, are required by federal law to receive and not be allowed to avoid a federal petition."

Rule 60(b)(3) allows a court a relieve a party from judgment based on fraud or other misconduct of an adverse party.[8] Fraud on the court is fraud that is directed to the court itself and is not fraud between the parties.[9] Proof of fraud on the court must be by clear and convincing evidence.[10] The alleged fraud must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.[11]

Here, the Keys generally allege that the defendants have used mind control to block them from proceeding with this lawsuit. The Court finds that these allegations fall short of clear and convincing evidence of fraud on the court. And even if the allegations happen to have merit, proof of this alleged fraud is not relevant to dismissal for lack of subject matter jurisdiction.[12] The Keys have made no showing that their allegations of fraud on the court warrants relief from

---

[8] *Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010).

[9] *Id.* at 1120.

[10] *Id.*

[11] *Id.*

[12] *See Davis v. U.S. Dept. of Health and Hum. Servs.*, 968 F. Supp. 2d 176, 185 (D.D.C. 2013) (concluding that even if the defendant committed the fraudulent acts alleged, any proof that the allegations were true are not relevant because the basis for dismissal was lack of subject matter jurisdiction).

this Court's decision that it lacked subject matter jurisdiction to consider the merits of the case.[13] Nothing in the Keys' motions challenges the Court's decision that its lacks jurisdiction, and nothing alleged in the motions—even if true—changes the legal conclusion that Defendants may not be sued in their capacities as agents of the United States without a waiver of sovereign immunity. In other words, the Court has no authority to allow Defendants to be sued in federal court regardless of the validity of the fraud allegations. Accordingly, the motions must be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration or Reinstatement (Doc. 19) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Set Aside Court's Dismissal Based on Fraud and Newly Discovered Evidence (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Suggestions and Support for Motion to Reinstate (Doc. 24) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of February, 2015.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *See Gibbs v. Colvin*, 529 Fed. Appx. 950, 954 (10th Cir. 2013).